**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GLASCO WRIGHT,

Plaintiff,

- v -

Civ. No. 1:18-CV-649 (GTS/DJS)

ALBANY CITY POLICE COURT, *et al*,

Defendants.

**APPEARANCES:** **OF COUNSEL:**

GLASCO WRIGHT
Plaintiff, *Pro Se*
90-A-6050
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

The Clerk has sent for review a civil Complaint filed by Plaintiff Glasco Wright. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 8, IFP App. By separate Order, dated July 11, 2018, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court will *sua sponte* review the sufficiency of the Complaint.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(a) & (b). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the

plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

**B. Allegations Contained in Plaintiff's Complaint**

The Complaint is brought pursuant to 42 U.S.C. § 1983. Compl. at p. 1.[1] Plaintiff alleges that in October 1988 he was arrested by Albany Police Officers on felony drug charges. *Id.* at p. 5. He then alleges that prior to his arraignment he was turned over to detectives of the New York City Police Department. *Id.* He asserts three causes of action: 1) false arrest; 2) illegal rendition to New York City without proper procedure; and 3) the failure of the Albany County District Attorney to prosecute the matter. *Id.* at p. 5. The Complaint is dated May 16, 2018, *id.*, and was docketed on June 4, 2018.

**C. Sufficiency of the Pleading**

In this case, the Complaint suffers from several deficiencies that warrant dismissal.

*A. Absolute Immunity*[2]

In actions brought under 42 U.S.C. § 1983 judges and prosecutors enjoy absolute immunity from suit for actions taken in the performance of their duties. *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (noting that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction'") (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)); *Hartman v. Moore*, 547 U.S. 250, 261-62 (2006) (citing *Imbler v.*

[1] Citations to Plaintiff's Complaint and to Plaintiff's Exhibits are to the pagination assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

[2] The Court notes that although immunity from suit is a defense that would be raised by a defendant, the Second Circuit has held that, for purposes of an initial review under 28 U.S.C. § 1915, a court may find that a complaint is based on an indisputably meritless legal theory if a defense "appears on the face of the complaint," and may validly raise such a claim *sua sponte*. *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (collecting cases throughout the various Circuit Courts of Appeal that have upheld § 1915 dismissals based upon defenses that appear on the face of the complaint). The Court notes, as set forth below, that Plaintiff will have an opportunity to present any objections he has to this Court's recommendations to the assigned District Judge.

*Pachtman*, 424 U.S. 409, 431 (1976), for the proposition that prosecutors are absolutely immune for actions related to the prosecutorial function).

The Complaint names an unidentified Albany City Police Court Judge as a Defendant who "failed to secure any information charging plaintiff with a crime" and "failed to advise plaintiff of his right to Habeas Corpus." Compl. at p. 5. This conduct clearly relates to the official duties of a judge and so Plaintiff's claims in this regard are barred by absolute immunity. *Young v. Selsky*, 41 F.3d at 51; *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("acts arising out of, or related to, individual cases before the judge are considered judicial in nature").

Next, Plaintiff contends that the Albany County District Attorney[3] violated his rights because he had a "duty to prosecute the felony arrest and not allow for any rendition absent a final disposition on the arrest charge." Compl. at p. 6. These allegations clearly relate to the prosecutor's role in deciding what claims to prosecute and are barred by absolute immunity. The law is well established that "absolute immunity extends to those acts, whether in or out of the courtroom, which occur in the course of the [prosecutor's] role as an advocate for the State.'" *Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993)); *see also Byrne v. City of New York*, __ Fed. Appx. __, 2018 WL 2427587 (2d Cir. May 30, 2018) ("The decision whether to bring charges . .

[3] Plaintiff's Complaint names David Soares as the District Attorney. The Court takes judicial notice, however, that Mr. Soares was not the District Attorney in 1988. *See* FED. R. CIV. P. 201; http://www.albanycountyda.com/About.aspx (last visited July 10, 2018)(noting Mr. Soares election as District Attorney in 2004).

. falls squarely within a prosecutor's role as advocate and, therefore, is protected by absolute immunity.") (citations omitted). Thus, Plaintiff cannot state cognizable claims against these individuals under 42 U.S.C. § 1983 and each should be **dismissed with prejudice** from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Accordingly, claims against the City Court Judge and District Attorney, therefore, should be dismissed without leave to amend.

*B. Statute of Limitations*

As to the remaining Defendants, Plaintiff's claims are untimely. The statute of limitations for a section 1983 action in New York is three years. *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995). The only specific claim made against Defendants Nicholson and Coleman is that they falsely arrested him. Compl. at pp. 5-6. A false arrest claim accrues at the time of the arrest. *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006); *Tirse v. Gilbo*, 2016 WL 4046780, at *16 (N.D.N.Y. July 27, 2016). The arrest is alleged to have taken place in October 1988, Compl. at p. 5, but this action was not filed until 2018. No explanation is offered as to why it has taken Plaintiff nearly thirty years to file this action. These claims are clearly time barred and the remainder of the Complaint should be dismissed as untimely. *Walker v. Cuomo*, 2012 WL 4490760, at * 2-3 (E.D.N.Y. Sept. 27, 2012) (dismissing under 28 U.S.C. § 1915 claims that accrued "more than 20 years ago").

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any

indication that a valid claim might be stated.'" *Bruce v. Tomkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991)). Here, however, where the grounds for dismissal offer no basis for curing the defects in the pleading, leave to amend would be futile. *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015).

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[4] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir.

[4] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: July 11, 2018
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge