UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GLASCO WRIGHT,

                          Plaintiff,

v.
                                                             1:18-CV-0649
                                                               (GTS/DJS)

ALBANY CITY POLICE COURT;
DARRELL P. NICHOLSON, Police Officer;
DERRICK COLEMAN, Police Officer;
DAVID P. SOARES, Albany County D.A.; and
KEVIN TUFFEY, Albany City Police Chief,

                          Defendants.
_____

APPEARANCES:

GLASCO WRIGHT, 90-A-6050
  Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Glasco Wright ("Plaintiff") against the above-captioned court and individuals ("Defendants"), are the following: (1) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed without leave to amend based on absolute immunity and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),(iii); and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 10, 11.) For the reasons set forth below, the Report-Recommendation is accepted, and Plaintiff's Complaint is dismissed.

I.  **RELEVANT BACKGROUND**

   A.  **Magistrate Judge Stewart's Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Stewart rendered the following two findings of fact and conclusions of law: (1) Plaintiff's claims against the Albany City Police Court Judge and the Albany County District Attorney should be dismissed without leave to amend based on the doctrine of absolute immunity; and (2) Plaintiff's remaining claims should be dismissed without leave to amend for failure to state a claim based on the governing statute of limitations. (Dkt. No. 10, at Part I.C.)

   B.  **Plaintiff's Objection to the Report-Recommendation**

Generally, in his Objection, Plaintiff argues that, while he is not challenging Magistrate Judge Stewart's first finding of fact and conclusion of law (i.e., that Plaintiff's claims against the Albany City Police Court Judge and the Albany County District Attorney should be dismissed without leave to amend based on the doctrine of absolute immunity), he is challenging Magistrate Judge Stewart's second finding of fact and conclusion of law (i.e., that Plaintiff's remaining claims should be dismissed without leave to amend for failure to state a claim based on the governing statute of limitations). (Dkt. No. 11.)

More specifically, Plaintiff argues as follows: (1) his action is not based on the conviction for which he has been incarcerated since 1990 but on his 1988 arrest for the alleged possession of a controlled substance; (2) in late 1989 and early 1990, the arresting officers testified in court that they possessed neither the arrest report nor laboratory report regarding the possession charge; (3) despite the fact that he was never arraigned on the possession charge, the charge remains on his rap sheet; (4) during the years between early 1990 and May of 2014, he

exercised due diligence in pursuing his current claims (of false arrest, illegal rendition to New York City, and failure to prosecute) through filing "quite a number of Freedom of Information Law [FOIL] Requests"; (5) after his FOIL requests were granted in part and denied in part in May of 2014, he appealed the partial denial to the Appellate Division, Third Department, which issued a Memorandum and Order "finalizing the controversy" on February 15, 2018; (6) as a result, the three-year limitations period governing his claims pursuant to 42 U.S.C. § 1983 based on the possession charge should be equitably tolled until February 15, 2018 because he has exercised due diligence in attempting to file his claim in a timely manner (and the late filing was purely a result of administrative delay); and (7) at the very least, he should be permitted to amend his Complaint. (Dkt. No. 11.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

---

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds the following analysis.

As indicated above in Part I.B. of this Decision and Order, Plaintiff's Objection hinges on his argument that, during the years between early 1990 and May of 2014, he exercised due diligence in pursuing his current claims (of false arrest, illegal rendition to New York City, and failure to prosecute) through filing "quite a number of Freedom of Information Law [FOIL] Requests." (Dkt. No. 11, at 2.) However, he attaches no plausible suggestion of any requests other than (1) three FOIL requests filed in January of 2014, and (2) an unidentified number of FOIL requests filed in or around February of 2012. (Dkt. Nos. 11, at 12, 19.) Even setting aside that issue, he offers no explanation for why he did not, in early 1990 (i.e., when he admittedly learned that the arresting officers did not possess either the arrest report or laboratory report), possess sufficient information to file a claim pursuant to 42 U.S.C. § 1983 based on the possession charge. Under the circumstances, granting Plaintiff leave to amend would be, to say the least, unlikely to be productive and indeed would be futile.[5]

---

[5] *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."); *Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 10) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

The Court certifies that appeal from this Decision and Order would not be taken in good faith.

Dated: September 12, 2018
Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge

---

(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile."). The Court notes that this rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 103 (2d Cir. 2000); *Brown*, 1997 WL 599355, at *1.